Filed 3/18/14  P. v. Davis CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWIN CLARK DAVIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B249475<br>(Super. Ct. No. YA084131)<br>(Los Angeles County) |

Pursuant to a plea agreement Edwin Clark Davis pled no contest to one count of second degree robbery (Pen. Code, § 211) and admitted that he personally used a knife in the commission of the offense (§ 12022, subd. (b)(1)).[1]  The court sentenced him to the upper term of five years for the robbery and an additional one year for personal use of a knife.  One count of false imprisonment of a hostage for purposes of protection from arrest (§ 210.5) was dismissed pursuant to the agreement.  Davis entered into the plea agreement after the trial court denied his section 995 motion to dismiss the false imprisonment count.  The trial court denied Davis's request for a certificate of probable cause.  (§ 1237.5.)

FACTS

The summary of facts is taken from the preliminary hearing.  At 6:45 p.m., on April 22, 2012, Davis rang the back door bell of a Pier I Imports store in Manhattan

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Beach.  When Irene Vargas, the store manager, opened the back door, Davis forced his way in and threatened her with a knife.  He forced Vargas into the office and demanded money from the store's safe.  She showed him through a surveillance monitor that the safe was in the store, not the office.  He looked like he did not know what to do.  He demanded her cell phone.  In the meantime, a store employee had called the police.  Davis held Vargas in the office for a couple of minutes past 7:00 p.m. before leaving.

## DISCUSSION

We appointed counsel to represent Davis on appeal.  Counsel filed a brief pursuant to *People v. Wende* (19979) 25 Cal.3d 436.  Counsel advised Davis he could file a supplemental brief within 30 days.

Davis filed a supplemental letter brief.  He contends the trial court should have granted his section 995 motion to dismiss the false imprisonment count and that he received ineffective assistance of counsel in agreeing to plea to the robbery count.  But because the trial court denied Davis a certificate of probable cause, we cannot consider his contentions on appeal (Cal. Rules of Court, rule 8.304 (b)).  The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


2

Alan B. Honeycutt, Judge

Superior Court County of Los Angeles

_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.